**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMIE L. CARTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00168-HEA |
| | ) | |
| KIM NESS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Petitioner Jamie L. Carter's response to the show cause order issued February 19, 2026. Having carefully reviewed Petitioner's response, the Court concludes that her arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244(d).

### Background

On October 27, 2023, Petitioner was charged in Butler County with felony kidnapping in the first degree, felony burglary in the first degree, felony robbery in the first degree, armed criminal action, and felony stealing. *State v. Carter*, No. 23BT-CR00719-01 (36th Jud. Cir. 2023). On February 13, 2024, Petitioner pled guilty to the kidnapping and robbery charges and received a 15-year sentence on

1

each count, with the sentences to run consecutively. Petitioner did not appeal her conviction and sentence.

On January 13, 2025, Petitioner filed in the state trial court a motion to vacate, set aside, or correct the judgment or sentence. *Carter v. State*, No. 25BT-CV00122 (36th Jud. Cir. 2025). On May 6, 2025, the Butler County Circuit Court dismissed the motion as untimely, as it had been filed more than 180 days after Petitioner's guilty plea. *Id.* Petitioner did not appeal this decision.

Petitioner filed this § 2254 petition on November 3, 2025, which was 141 days after the one-year statute of limitations had run. *See* Doc. 4. On February 19, 2026, the Court ordered Petitioner to show cause why her petition should not be dismissed as untimely.

## Discussion

In her response to the Show Cause Order, Petitioner asserts that she should be excused from the one-year statute of limitations because she was unaware of the deadline and staff at the prison library are unhelpful. *See* Doc. 5.

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an exceedingly narrow window of relief. *Jihad*

2

*v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted).

Petitioner's assertion that she was not aware of the one-year statute of limitations is insufficient to allow equitable tolling. Based on her representations, Petitioner did not pursue her rights for more than 506 days, and she does not allege any extraordinary circumstances stood in her way. *See Holland v. Florida,* 560 U.S. 631, 649 (2010). As Petitioner has failed to give an adequate reason why her untimeliness should be excused, the Court must dismiss the petition under 28 U.S.C. § 2244(d).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed in forma pauperis and affidavit in support is **GRANTED**. (Doc. 3)

3

**IT IS FURTHER ORDERED** that Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred. *See* Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel is **DENIED** as moot. (Doc. 2)

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 10th day of April, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

4